

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LOUIS ARCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 03 C 7297 |
| | ) |
| GLENDALE NISSAN, and | ) Judge Rebecca R. Pallmeyer |
| WELLS FARGO, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Having accepted an offer of judgment in the amount of $5000, Plaintiff seeks an award of legal fees in the amount of $15,734 and additional "non-taxable expenses" in the amount of $577.03. Defendants have raised several objections. For the reasons stated here, those objections are sustained in part and overruled in part.

I.   **Hourly Rate**

Plaintiff's attorneys, Dmitry Feofanov and Sharmila Roy, claim hourly rates of $250.00 and $300.00 respectively. Defendants contend both hourly rates are inflated. They ask the court to award $170 per hour for Mr. Feofanov's time and to deny any award for Ms. Roy's efforts.

As the Seventh Circuit has recognized, "[t]he best evidence of the lawyer's quality is the fee he commands in the market," but such evidence may not be available where, as in this case, the lawyer is usually compensated only by court-awarded fees when he prevails. *Fogle v. William Chevrolet/Geo, Inc.*, 275 F.3d 613, 615 (7th Cir. 2001). Plaintiff argues that the fact that counsel's recovery was contingent on success militates in favor of a higher rate than the one earned by retained counsel at standard hourly rates.

In the court's view, Attorneys Feofanov and Roy have offered adequate support for their claimed hourly rates. Mr. Feofanov has been awarded fees at hourly rates of $225 and $240 by federal and state courts in 2001, 2003, and 2004. (Feofanov Aff. ¶ 7.) As he notes, an associate attorney who represented Defendant Wells Fargo in this litigation graduated from law school five years after Mr. Feofanov did and bills an hourly rate of $230 regardless of the litigation's outcome. At the time of the fee petition, Ms. Roy had practiced law for almost 20 years, had represented plaintiffs in consumer fraud cases at the trial and appellate levels, and taught law school classes in federal practice. (Roy Aff. ¶¶ 2, 3.) She relies in part on the *Laffey* matrix (*see Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983)) in support of her request for a $300.00 fee award. The affidavits of Attorneys Michelle Weinberg and William Hutul (contrary to Defendants' interpretations) provide further support for the rates requested by counsel.

Defendants' objections to the claimed hourly rates for Plaintiff's counsel are overruled. As Plaintiff has offered no evidence concerning the qualifications and education of the paralegal for whom he seeks compensation, however, the court sustains Defendant's objection to any award for the paralegal's time (which in any event appears to have been devoted to clerical work).

II. **Hours Expended**

Defendants object, in addition, to certain time entries. First, Defendants contend that devoting eleven hours of Mr. Feofanov's time to research and preparation of the complaint is excessive. Eleven hours for research is, on its face, unexceptional; the complaint alleged claims under the Truth in Lending Act, the Motor Vehicle Information and Cost Savings Act, the Illinois Consumer Fraud Act, the Magnuson-Moss Warranty Act, and the Illinois Commercial Code. Plaintiff asserts that his TILA theory – that Defendants' treatment of "negative equity" in Plaintiff's

2

trade-in vehicle resulted in an undisclosed finance charge measured by sales tax—was one of first impression in this district. Defendants' citation to a complaint filed by Plaintiff in another matter, one that did not include a TILA claim, does not rebut this assertion. This objection is overruled.

Second, Defendants object to Plaintiff's request for one hour of Mr. Feofanov's time preparing a letter on February 14, 2003; another hour for a January 9, 2004 letter; and one hour on January 21, 2004, during which Mr. Feofanov prepared a letter and conferred with Ms. Roy (presumably for .3 hours as reflected in Ms. Roy's own time record). Having reviewed the letters themselves, copies of which Defendants have attached as exhibits to their opposition papers, the court sustains this objection in limited part. The February 14, 2003 is longer than a single page and summarizes Plaintiff's claims and demands. Devoting one hour to this letter is generous but not excessive. Similarly, Mr. Feofanov's January 21 letter sets forth a detailed settlement demand and required a calculation of his and Ms. Roy's fees to date. Again, one hour of attorney time is awarded. With respect to the January 9 letter, which simply memorialized the parties' dispute concerning deposition discovery, Plaintiff has conceded that an hour devoted to this letter is excessive and has voluntarily reduced the amount to .2 hours. (Reply memorandum at 6.)

The court likewise sustains Defendant's objection to Plaintiff's request for compensation of his attorney for clerical and administrative tasks including searching for addresses for defense counsel (.5 hours on February 14, 2003); reviewing service documents prepared by a paralegal (.5 hours on October 14, 2003) and filing the complaint (.3 hours on October 14, 2003). An attorney who commands a significant hourly rate should not be compensated at that rate for work that well-trained clerical staff can perform. *See Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999).

Ms. Roy's significant consumer litigation experience and substantial hourly rate militate

3

against awarding fees for the four hours she devoted to legal research on December 29 and 30, 2003, several weeks after Mr. Feofanov performed his own research and filed the complaint. The court will reduce Ms. Roy's research time to one hour. Similarly, given Mr. Feofanov's investment of seven hours in preparation of a motion to strike Defendant Wells Fargo's answer and counterclaim, the court will reduce Plaintiff's claim for an additional two hours of Ms. Roy's time reviewing that pleading to .5 hours.

The court overrules Defendants' objection to an award for any time reportedly devoted by Ms. Roy to preparation of a motion for summary judgment. No such motion was filed, so any argument that this effort contributed to Plaintiff's success in obtaining a modest offer of judgment in this case would be speculative. In their offer of judgment, however, Defendants proposed to pay "reasonable attorneys' fees for time actually incurred," without regard to whether the attorney time directly contributed to Plaintiff's success. The court agrees with Defendants, however, that Plaintiff is not entitled to recover for one hour's time researching the propriety of attendance at depositions by a third party. Plaintiff explains he sought the insights of another attorney who has particularized knowledge of Defendant Glendale Nissan's practices, but he has not explained why he did not simply seek Defendants' acquiescence to the presence of this additional lawyer.

Mr. Feofanov devoted 11.1 hours to preparation for the depositions of two employees of Defendant Glendale Nissan. Plaintiff insists this case was one of first impression and that he intended to "lock in Defendants into binding admissions." Again, however, such lengthy effort is inconsistent with Plaintiff's claim that Mr. Feofanov's significant consumer law expertise justifies a substantial hourly rate. The court will reduce this claim to three hours for each deponent, a total of 6 hours.

4

Finally, Defendants object to Plaintiff's request for compensation for 4.0 hours of Mr. Feofanov's time on December 16, 2003, much of it traveling from Dixon, Illinois, to the courthouse in Chicago for an initial status conference. This objection is overruled. Mr. Feofanov sought leave to appear by telephone for subsequent conferences, a request appropriate for an attorney located at a distance from Chicago in a case where the recovery is likely to be modest. Travel time is ordinarily compensable, *see In re Maurice*, 69 F.3d 830, 834 (7th Cir. 1995) because it reflects lost opportunity, whether the lawyer is working on a contingency or hourly-rate basis. Most significantly, as Plaintiff notes, Defendant Glendale Nissan's attorney himself billed 3.9 hours for this same court appearance, though that attorney's office is much closer to the courthouse than is attorney Feofanov's office.

## III. Post-Offer Fees

Defendants argue that pursuant to the express terms of their offer of judgment, Plaintiff is entitled to no recovery for any time devoted to this case after acceptance of that offer. Plaintiff contends that a misplaced apostrophe in the offer of judgment renders that offer ambiguous and requires the court to construe it in Plaintiff's favor. The court deplores punctuation errors (particularly its own), but notes that regardless whether the apostrophe is given effect, the offer appears to preclude recovery of post-judgment fees. *Cf. Guerrero v. Cummings*, 70 F.3d 1111 (9then Cir. 1995). The court reaches this conclusion with some reluctance; taken to its extreme, the provision at issue could allow an offering defendant to object to every dollar requested as unreasonable and yet refuse to pay any fees for the litigation necessary for a plaintiff to establish his entitlement to reasonable compensation. Contrary to Plaintiff's characterization, however, Defendants have not adopted such a scorched-earth approach here. The objection to any award for time after January 22, 2004 is sustained.

5

## CONCLUSION

Plaintiff's petition for an award of fees is granted in part and denied in part. Plaintiff is directed promptly to submit proposed revised calculations consistent with this order. Upon receipt of those calculations, the court will enter an award in an amount certain.

ENTER:

Dated: June 7, 2005

REBECCA R. PALLMEYER
United States District Judge